**The OHIO CASUALTY INSURANCE COMPANY, Plaintiff,**

v.

**Ralph BERGER, Mrs. Helen Berger, Edward Berger and Miss Peggy Hanks, Defendants.**

No. 1427.

United States District Court,
E. D. Kentucky,
Covington Division.

April 9, 1970.

O'Hara, Ruberg & Cetrulo, by John J. O'Hara, Covington, Ky., for plaintiff.

Bernard J. Blau and J. A. Jolly, Newport, Ky., for Ralph Berger, Helen Berger and Edward Berger.

William Wehrman, Covington, Ky., for Peggy Hanks.

MEMORANDUM AND ORDER

SWINFORD, District Judge.

Plaintiff, Ohio Casualty Insurance Company, issued to the defendant, Ralph Berger, a policy of casualty insurance on a 1965 Chevrolet automobile. The policy contains certain benefits referred to as uninsured motorist coverage, which provide a maximum benefit of $20,000 for any accident in the event that the named insured and or passengers in the insured vehicle sustain injuries as a result of a collision between the insured vehicle and an uninsured vehicle, where the fault of the accident is that of the uninsured automobile. On August 14, 1967, at Cincinnati, Ohio, when the insured vehicle was being operated by the defendant, Edward Berger, who was accompanied by other defendants herein named, such an accident occurred. The defendants, and then passengers of Edward Berger, are Mrs. Helen Berger, Ralph Berger and Miss Peggy Hanks. The complaint states that each of these people are making claims upon the plaintiff and have not been able to reach an agreement between themselves as to how the proceeds of the policy should be distributed. The plaintiff has deposited with the court clerk an amount equal to the maximum coverage of the policy less $2,768.38 which represents medical and other payments already distributed to the defendants, and has brought this action for a bill of interpleader to protect the stakeholder against multiple claims, and to insure a fair distribution among the claimants.

The answer of the defendants states that a distribution arrangement has been agreed upon, but demands that the $2,000 which the plaintiff has set off as paid medical expenses should not be considered a part of the proceeds under the uninsured motorist provision. This raises the only issue of the case: Which is whether the plaintiff should be entitled to set off against the liability

provision of its policy $2,000 paid under the medical payment section of the policy? The plaintiff insurer has paid each of the defendants $500 for medical expenses, and asserts that the maximum liability of the policy ($20,000) should be reduced by $2,000 (the sum total of the medical payments). The insurer argues that the clear and unambiguous terms of the policy expressly authorize the set off and that to do otherwise would result in double indemnity. The defendants maintain that Kentucky Revised Statute 187.330 requires a policy minimum of $20,000, and that the set off advocated by the plaintiff would controvert the intent of the Kentucky legislature by reducing the minimum coverage specified by the statute. When this case was filed there had been no decision by the Kentucky Court of Appeals which would control this matter, however, the issue has now become moot since the Court of Appeals resolved the question in a case before it on March 20, 1970, which this court must follow. Erie R. Co. v. Thompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The Kentucky Court of Appeals in the case of Meridian Mutual Insurance Co. v. Siddons, 451 S.W.2d 831 (1970), held that a set off for medical expenses must be disallowed so liability will not be reduced below the statutory minimum. The plaintiff is therefore ordered to deposit an additional sum of $2,000 into the registry of this court and the grand total shall be distributed in the following manner pursuant to the agreement reached by the claimants:

| | | |
|---|---|---|
| 1) | Ralph Berger | $2,500.00 |
| 2) | Helen Berger | 2,500.00 |
| 3) | Edward Berger | 7,000.00 |
| 4) | Peggy Hanks | 7,231.62. |

The plaintiff shall have judgment for its costs. Its prayer for a reasonable fee for its counsel is denied. Notwithstanding the more or less established practice in this district of allowing reasonable fees to counsel for insurance companies filing interpleaders under 28 U.S.C.A. § 1335, the court is of the opinion that such fees should not be allowed. In Mutual Life Insurance Company v. Bondurant, 27 F.2d 464, decided by the Sixth Circuit Court of Appeals on June 30, 1928, in a case which had been appealed from the Western District of Kentucky, the court held that the insurance company was entitled to a reasonable attorneys fee out of the fund paid into the court. The amount to be determined by the trial judge. This court now declines to follow that ruling in the light of the ruling of the Supreme Court in Erie R. Co. v. Thompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. I believe the rights of the litigants to the fund in court are substantive rights and must be controlled by the law of the State of Kentucky. Attorneys fees are not allowed as a part of the costs of an action in this state. There is no justification for attempting to distinguish this class of litigation from any other. The rule laid down in Mutual Life Insurance Company v. Bondurant, supra, cannot now be applied without constituting a rejection of the Erie R. Co. case doctrine. The court recognizes that there is a substantial body of case law and text law to the contrary. See Bank of China v. Wells Fargo Bank & Union Trust Co., D.C., 104 F.Supp. 59, for a comprehensive discussion of the respective sides differing on the question. This court prefers to follow the reasoning of the district judges in Aetna Life Insurance Co. v. Johnson, D.C., 206 F.Supp. 63, and Metropolitan Life Insurance Co. v. Jordan, D.C., 221 F.Supp. 842.