Carmella SAMMONS, a Minor, by her Next Friend, Perry W. Sammons, Sr. and Perry W. Sammons, Individually, Plaintiffs,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio corporation, Defendant.

Superior Court of Delaware, Kent.

June 25, 1970.

Harold C. Schmittinger, Schmittinger & Rodriguez, Dover, for plaintiffs.

Frank O'Donnell, O'Donnell, Hughes & Lowicki, Wilmington, for defendant.

OPINION

O'HORA, Judge.

On January 30, 1968, plaintiff, Carmella Sammons, a minor, was injured by an uninsured motorist. Plaintiff's father, Perry W. Sammons, Sr., at the time of the injury owned two automobiles and had two sepa-

rately numbered standard automobile policies in effect with, and issued at different times, by the defendant, Nationwide Mutual Insurance Company ("Nationwide"). Each policy had a $10,000 limit and each contained an identical uninsured motorist provision. Plaintiffs claim that the limit of liability should be $20,000. Nationwide claims that recovery should be limited to a maximum of $10,000, in accordance with the "other insurance" provisions contained in each policy. That policy language is as follows:

"*Other Insurance.* With respect to bodily injury to an Insured while occupying an automobile not owned by the principal Named Insured, the insurance under this endorsement shall apply only as excess insurance over any other similar insurance available to such Insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

Except as provided in the foregoing paragraph, if the Insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the Company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

The issue raised herein is a question of first impression in this State and there is little case law from other jurisdictions based upon identical facts. The plaintiffs were insured beneficiaries under each policy, each policy was issued by the same company and was identical in every respect. 18 Del.C. § 3902, which requires that uninsured vehicle coverage be included in every automobile liability policy issued for delivery in Delaware, was not in effect

at the time of this accident and the cases cited by counsel on each side dealing with the construction of identical statutes under similar facts are inapplicable to this case. Consequently the basic question before the Court must be resolved under general rules of. insurance policy construction and interpretation.

■ Exclusionary provisions contained in contracts of insurance are to be construed strictly against the insurer. 13 Appleman, Insurance Law and Practice, § 7405 (1943). However, the rule of strict construction comes into play only where the language of the policy creates some ambiguity, that is, that the language employed is susceptible to two or more interpretations, requiring judicial construction to determine what is actually meant by its use. Apotas v. Allstate Insurance Company, 246 A.2d 923 (Del.Super.1968); 3 Words & Phrases, "Ambiguity", p. 436 (1953). Where the language is clear and plain in its meaning, both insurer and insured are bound by its terms.

■ The Court finds that there is no ambiguity present in the policy provisions hereinabove quoted. The "excess coverage" provisions of the first paragraph are limited to a situation where the named insured is injured while occupying a non-owned automobile and provides that coverage shall be only in excess of "any other similar insurance available * * * and applicable to such automobile as primary insurance". The plaintiff, Carmella Sammons, was injured as a pedestrian and was not "occupying an automobile not owned by the principal Named Insured". The provisions of this paragraph do not apply unless an insured or uninsured driver injures a named insured while he is occupying a non-owned automobile.

■ The second paragraph applies in all other factual cases where more than one policy is available to a named insured. Such is the clear meaning of the opening words of the paragraph, "*Except* as provided in the foregoing paragraph

* * *". The exception to the proration provisions of the second paragraph occurs when a named insured is occupying a non-owned automobile, a situation not present here. Under paragraph two, to the extent that "Insured has other similar insurance available to him and applicable to the accident", the damages shall be prorated among or between the policies but in no event shall damages exceed "the higher of the applicable limits of liability of this insurance and such other insurance". If plaintiff, Perry W. Sammons, Sr., had two policies available to him, one for $10,000 and the other for $20,000, issued by two different companies, the limit of liability for damages would be the higher of the two, or $20,000. Assuming that he recovered a $25,000 award, the insurers' liability under identical policy provisions would be limited to a maximum of $20,000, with one-third or $6,333 payable under one policy, and two-thirds, or $13,666 payable under the other. Where each policy has an identical limit, each of $10,000, as here, the insured's recovery is limited to $10,000 with each policy being liable for one-half of any damages recovered, up to a maximum of $10,000. The fact that insurance proceeds become available under uninsured motorist provisions contained within each policy is immaterial to the limitations of liability as set forth within the policies.

Plaintiffs argue, however, that because each policy was issued to the same named insured by the same insurance company that some benefit was conferred upon the insurer in the form of additional premiums which it would not have received had one $20,000 policy been issued, and, therefore, the "other insurance" provisions should not apply. Again the language of the policy itself must be looked to and if it is unambiguous it is controlling. The limitational provisions of paragraph 2 arise "if the Insured has other similar insurance available to him and applicable to the accident". The words are clear, direct, and susceptible to only one reasonable meaning, that coverage is limited to the higher of any two or more policies available to the insured, including those held by insured himself as well as under policies held by other persons. Callaway v. Nationwide Mutual Insurance Company, 248 A.2d 617 (Del.Super.1968). Although plaintiff, Perry W. Sammons, Sr., may have purchased less insurance coverage than he thought, there is no basis for an estoppel against the defendant insurer in the absence of evidence that the insurer's selling agent led plaintiff to believe otherwise and assured him to his detriment, that two $10,000 policies afforded as much protection as one $20,000 policy. Detrimental reliance is the essence of estoppel and there is no evidence of that in this case.

Based upon the foregoing, the Court holds that the excess coverage provisions of paragraph 1 of the "Other Insurance" provisions of plaintiff's policies are not applicable to the facts of this case, and that the conditions of liability for damages under paragraph 2 of the policies limit plaintiffs' recovery to a maximum of $10,000, as prorated between the policies.

It is the Court's conclusion, therefore, that defendant's motion for partial summary judgment should be granted.

It is so ordered.