James W. TULLEY, Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation, Defendant.

Civ. A. No. 71–37.

United States District Court, S. D. West Virginia, Charleston Division.

July 12, 1972.

Rudolph L. DiTrapano and Robert W. Lawson, III, DiTrapano & Mitchell, Charleston, W. Va., for plaintiff.

Richard G. McNeer and Fred D. Roth, Jr., of Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Huntington, W. Va., for defendant.

## MEMORANDUM ORDER

KENNETH K. HALL, District Judge.

This action has been submitted to the Court for decision upon the record, including stipulations of counsel, and upon briefs of law and argument in support of the respective positions of the parties. Earlier plaintiff had filed a motion for summary judgment, now absorbed in and to be considered with this submission to the Court.

Jurisdiction, based on diversity of citizenship and amount in controversy, has not been questioned. 28 U.S.C. § 1332.

The action involves plaintiff's right to recover under uninsured automobile coverage provisions in two insurance policies issued by defendant. Defendant denies plaintiff's duplicate insurance coverage and his right to recover insurance payments under both policies. No decision by the Supreme Court of Appeals, the state's highest court, has been found on the issues here presented.

Plaintiff was injured when the automobile operated by him and owned by his brother, Bill Tulley, collided with an automobile operated by an uninsured motorist. Plaintiff recovered a judgment against the uninsured motorist for $35,700.00 on a jury verdict returned in the Circuit Court of Kanawha County, West Virginia. The judgment was not appealed and became final.

At the time of plaintiff's injury, the liability insurance policy on the brother's automobile was issued by defendant in the State of Illinois. Insuring Agreement III thereof provided uninsured automobile coverage. Plaintiff, at the time, owned an automobile on which he had obtained in West Virginia a liability insurance policy, likewise issued by defendant and providing uninsured motorist coverage in Insuring Agreement III thereof. Both insurance policies were in full force and effect at the time of the accident.

Pursuant to West Virginia's uninsured motorist law, enacted by the West Virginia Legislature as Chapter 97, Acts of 1967, West Virginia Code, § 33–6–31(d) (Michie Supp.1971), service of the summons and complaint in the state court action by plaintiff against the uninsured motorist was effected on State Farm Mutual Automobile Insurance Company, the defendant herein, through the Auditor of the State of West Virginia. W.Va.Code, § 31–1–71 and § 33–4–12. No question is raised as to the regularity and validity of these procedures. Said § 33–6–31(d) provides:

(d) Any insured intending to rely on the coverage required by subsection (b) of this section shall, if any action be instituted against the owner or operator of an uninsured motor vehicle, cause a copy of the summons and a copy of the complaint to be served upon the insurance company issuing the policy, in the manner prescribed by law, as though such insurance company were a named party defendant; such company shall thereafter have the right to file pleadings and to take other action allowable by

law in the name of the owner, or operator, or both, of the uninsured motor vehicle or in its own name. Nothing in this subsection shall prevent such owner or operator from employing counsel of its own choice and taking any action in his own interest in connection with such proceeding.

Subsection (b) of the same statute provides:

(b) Nor shall any such policy or contract be so issued or delivered unless it shall contain an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than the requirements of section two [§ 17D–4–2], article four, chapter seventeen-D of the Code of West Virginia, as amended from time to time: Provided, that such endorsement or provisions may exclude the first three hundred dollars of property damage resulting from the negligence of an uninsured motorist.

West Virginia Code, § 17D–4–2, referenced in said subsection (b) of the statute provides:

§ 17D–4–2. "Proof of financial responsibility" construed.

The term "proof of financial responsibility" as used in this chapter shall mean: Proof of ability to respond in damages for liability, on account of accident occurring subsequent to the effective date of said proof, arising out of the ownership, operation, maintenance, or use of a motor vehicle, trailer or semitrailer in the amount of ten thousand dollars because of bodily injury to or death of one person in any one accident, and, subject to said limit for one person, in the amount of twenty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and in the amount of five thousand dollars because of injury to or destruction of property of others in any one accident.

The uninsured motorist provisions of each of the two insurance policies here involved, examined and considered with applicable provisions of the West Virginia law, provide bodily injury liability insurance coverage for plaintiff to the extent of $10,000.00.

Exhibits filed with stipulations disclose that under the Bill Tulley policy written in Illinois the sum of $500.00 has been paid on plaintiff's medical expenses and that under the James W. Tulley policy written in West Virginia the sum of $850.43 has been paid on plaintiff's medical expenses incident to his injuries.

Two primary issues emerge:

(1) Whether plaintiff is entitled to recover from defendant the full $10,000.-00 face amount of both policies, or a total of $20,000.00, or whether plaintiff's recovery is limited to the $10,000.00 face amount provided in the Bill Tulley policy written in Illinois on the automobile plaintiff was operating at the time of his injuries, as defendant contends; and,

(2) Whether the recovery allowed plaintiff is to be reduced by the sums already paid by defendant on plaintiff's medical expenses.

Plaintiff claims he is entitled to recover $20,000.00 with no reduction for medical expenses already paid by defendant under the two policies, while defendant, to quote the concluding words of its brief, "prays that recovery be limited to $10,000.00 and that credit be given for medical payments heretofore paid."

Language of the two policies, considered in the light of controlling West Virginia law, provides the bases for decision.

Defendant's brief makes it quite clear that defendant recognizes the $10,000.00 uninsured motorist liability under the Bill Tulley policy written in Illinois on the automobile plaintiff was operating at the time of his injuries. Without troubling technical insurance terms and phrases, it may be acceptable to refer to

the uninsured motorist coverage on the vehicle involved in the collision as primary. Jones v. Morrison, 284 F.Supp. 1016 (D.C.W.D.Ark.1968). The immediate question to be resolved is whether, in partial satisfaction of the $35,700.00 judgment in the state court, plaintiff may recover the additional $10,000.00 uninsured motorist insurance provided in his own policy written in West Virginia on his automobile not involved in the collision resulting in his injuries.

Although it is apparent that defendant recognizes liability for the $10,000.-00 payment under the Bill Tulley policy written in Illinois, it will be helpful to note some provisions of that instrument. Therein defendant agrees

. . . To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; . . . .

Defendant's liability is limited by the following language:

Limits of Liability. (a) The company's limit of liability for all damages, including damages for care and loss of services, arising out of bodily injury sustained by one person in any one accident shall not exceed the amount specified by the financial responsibility law of the state in which this policy is issued for bodily injury to one person in any one accident. . . .

Policy provisions relating to the availability of other similar insurance contain the following language:

Other Insurance. With respect to bodily injury to an insured while occupying an automobile not owned by a named insured under this coverage, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall

then apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all such other insurance.

Subject to the foregoing paragraph, if the insured has other similar insurance available to him against a loss covered by this coverage, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable under this coverage for a greater proportion of the applicable limit of liability of this coverage than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance.

Under provisions of the Illinois policy the sums plaintiff is entitled to recover as damages from the uninsured motorist are to be determined by agreement or arbitration. The state court judgment fixes the amount of damages in this action at $35,700.00, with interest, and no issue is made thereon. The West Virginia statute, Code, § 33–6–31(g), governs establishment of legal liability in this state. Short v. Grange Mutual Casualty Company, 307 F.Supp. 768 (D.C. S.D.W.Va.1969). Under provisions of West Virginia Code, § 17D–4–2, the financial responsibility statute, and § 33–6–31(b), the uninsured motorist statute, both above quoted, the recovery allowed plaintiff under the Bill Tulley policy written in Illinois is limited to $10,000.-00.

Provisions in the policy on plaintiff's own automobile, written by defendant in West Virginia, become important in this decision. Therein defendant agrees

. . . To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of:

(a) bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodi-

ly injury", sustained by the insured;

. . .

caused by accident and arising out of the ownership, maintenance or use of such uninsured motor vehicle.

Policy language pertinent to limits of liability follows:

Limits of Liability. (a) The company's limit of liability for all damages, including damages for care and loss of services, arising out of bodily injury sustained by one person in any one accident shall not exceed the amount specified by the financial responsibility law of the state in which this policy is issued for bodily injury to one person in any one accident.

. . .

Plaintiff's policy contains the following language relating to the availability of other similar insurance:

Other Insurance. With respect to bodily injury to an insured while occupying a motor vehicle not owned by the named insured, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such motor vehicle as primary insurance, and this insurance shall then apply only in the amount by which the Limit of Liability for this coverage exceeds the applicable limit of liability of such other insurance.

Except as provided in the foregoing paragraph, if the insured has other similar bodily injury insurance available to him and applicable to the accident, the damages for bodily injury shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.

West Virginia's uninsured motorist law was passed by the Legislature on March 7, 1967, effective ninety days from passage, or on or about June 6, 1967. On April 25, 1967, the insurance commissioner of West Virginia, an office created by West Virginia Code, § 33–2–1, issued a bulletin on Standard Policy Provisions relating to uninsured motorists under the statute to take effect some six weeks later. His action was apparently under provisions of the statute not then effective but now West Virginia Code, § 33–6–31(i), wherein he is referred to as the commissioner of insurance. A copy of the Standard Policy Provisions, certified by the Insurance Commissioner of West Virginia as of April 17, 1972, is made a part of defendant's brief presented in this action. The bulletin on Standard Policy Provisions is not a body of rules and regulations to be officially filed in the office of the Secretary of State pursuant to provisions of the West Virginia Administrative Procedure Act. W.Va.Code, Chapter 29A. For comment on the origin of the Standard Policy Provisions, see American Mutual Insurance Company v. Romero, 428 F.2d 870, 874 (10th Cir. 1970).

Examination of the pertinent provisions of plaintiff's automobile insurance policy discloses the language thereof complies well with the Standard Policy Provisions, including the above quoted policy language relating to "other insurance" and language relating to reduction of amounts payable under the policy by sums paid for medical expenses as later herein considered. Rules and regulations promulgated by an administrative agency derive their force and effect from the statute under which they are promulgated, must not be in conflict with the statute, and cannot supply omissions of the statute. 2 Am.Jur.2d, Administrative Law, § 289 (1962). *A fortiori*, the Standard Policy Provisions here involved must not be in conflict with the uninsured motorist statute and cannot supply omissions thereof. An insurance policy complying with language requirements or permissions of the Standard Policy Provisions composed for the insurance industry by a state admin-

istrative agency or official extending and reaching beyond statutory authority may suffer from infirmities voiding and nullifying some of the policy language provisions. The problem is not new. It obviously antedates the West Virginia statute, the insurance commissioner's Standard Policy Provisions, and the two uninsured motorist policies involved in this litigation. 2 Long, The Law of Liability Insurance (1972), devotes an entire chapter to the "other insurance" problem. In § 22.01, Long states:

> More often than not, whether one policy contains one kind of provision or other, when it comes in collision with the "other insurance" provision of another policy, regardless of its kind, each is repugnant to the other. This fact has led courts of many jurisdictions to reject them altogether.

See also discussion in 11 Am.Jur., Model Trials, Uninsured Motorist Claims, 73, at 125 (1966). This question was ably reviewed and discussed in Simpson v. State Farm Mutual Automobile Insurance Co., 318 F.Supp. 1152 (S.D.Ind. 1970). At pages 1155–1156, the Court concludes in part as follows:

> The actual weight of authority favors the plaintiffs' position that an insured in a state having an uninsured motorist statute similar to the Indiana statute is entitled to payment in full, up to the policy limit, with respect to each policy under which coverage is afforded, and that "other insurance" clauses and similar clauses which purport to limit liability, such as clauses providing for a deduction as to amounts paid under medical payments provisions of the policy, are void as being in conflict with the statute.
>
> . . . . . .
>
> This Court is unable to follow the reasoning of the minority for three reasons: (1) Nowhere in any of the statutes, except as hereafter noted, does the legislature attempt to fix any maximum limit of recovery; such statutes merely fix minimum requirements. (2) Since the statutes simply provide that each policy of insurance issued must contain uninsured motorist protection in minimum amounts, without qualification except as noted, it follows that any attempt on the part of an insurer to limit the effect of such clauses must be in derogation of the statute. (3) The premium paid with respect to each policy of insurance necessarily includes an amount in payment of the uninsured motorist coverage; it would be unconscionable to permit insurers to collect a premium for a coverage which they are required by statute to provide, and then to avoid payment of a loss because of language of limitation devised by themselves. (In the present case defendant could have written one policy covering both of Mrs. Simpson's automobiles, as is usual, and thus cut its uninsured motorist coverage in half, had it desired to do so. In collecting two uninsured motorist premiums it took the accompanying gamble.)

The Supreme Court of Appeals of Virginia, in Bryant v. State Farm Mutual Automobile Insurance Co., 205 Va. 897, 140 S.E.2d 817 (1965), carefully considered the problem, in the light of a Virginia statute similar to the West Virginia statute and "other insurance" language written into two separate insurance policies, and concluded:

> These cases all establish that the controlling instrument is the statute and that provisions in the insurance policy that conflict with the requirements of the statute, either by adding to or taking from its requirements are void and ineffective. . . .

With reference to requirements of the Virginia statute and the limiting language of the policy, parallel with the factual situation in the litigation now before this Court, the Virginia Court held

> But Part 4, Section Six, of the insurance policy issued by State Farm to Bryant, Jr., undertakes to limit and qualify the provision of the statute. It undertakes to pay the insured not "all sums which he shall be legally en-

titled to recover as damages," as the statute commands, but only such sum as exceeds "any other similar insurance available" to him; i. e., the amount by which the applicable limit of the policy "exceeds the sum of the applicable limits of all such other insurance." Clearly this provision places a limitation upon the requirement of the statute and conflicts with the plain terms of the statute. It is therefore illegal and of no effect.

In reaching this conclusion, the Virginia Court disagreed with an earlier decision of the United States Court of Appeals, Fourth Circuit, in Travelers Indemnity Co. v. Wells, 316 F.2d 770 (4th Cir. 1963), which was then deciding the question without benefit of Virginia judicial precedents. Later the Court of Appeals recognizes the interpretation and application of the 1965 Virginia Court's decision in the *Bryant* case, *supra,* as controlling. White v. Nationwide Mutual Insurance Co., 361 F.2d 785 (4th Cir. 1966).

The other primary issue for decision is whether recovery allowed plaintiff in this action is to be reduced by sums already paid by defendant on plaintiff's medical expenses. The Bill Tulley policy written by defendant in Illinois contains the following provisions:

(b) Any amount payable under this coverage because of bodily injury sustained in an accident by a person who is an insured under this coverage shall be reduced by:

(1) all sums paid on account of such bodily injury by or on behalf of (i) the owner or operator of the uninsured automobile and (ii) any other person or organization jointly or severally liable together with such owner or operator for such bodily injury including all sums paid under coverage A;

(2) the amount paid and the present value of all amounts payable on account of such bodily injury under any workmen's compensation law, disability benefits law or any similar law;

(3) all sums paid or payable on account of such bodily injury under coverages C and M of a policy issued by this company.

Coverage C in that policy relates to "medical payments" and coverage M relates to "major medical payments." The James W. Tulley policy written by defendant in West Virginia contains the following provisions:

(d) any amount payable hereunder because of bodily injury or property damage sustained in an accident by a person who is an insured under this coverage shall be reduced by

(1) all sums paid on account of such injury or damage by or on behalf of

(i) the owner or operator of the uninsured motor vehicle and

(ii) any other person or persons jointly or severally liable together with such owner or operator for such injury or damage including all sums paid under the Bodily Injury Liability or Property Damage Liability coverages of the policy, and

(2) all sums paid on account of such bodily injury under the coverage of the policy affording benefits for medical expenses.

As in the Bill Tulley policy, coverage C relates to "medical payments" and coverage M relates to "major medical payments."

■ The "other insurance" provisions in the two policies and as stated in the insurance commissioner's Standard Policy Provisions are, as above indicated, not authorized or countenanced by the controlling West Virginia statute and it follows that policy language providing for reduction of insurance amounts by sums paid under the policies on account of plaintiff's "medical expenses", not being authorized or countenanced by the statute, must be held void and inoperative. Simpson v. State Farm Mutual Automobile Insurance Co., *supra;* Ohio Casualty Insurance Co. v. Berger, 311 F.Supp. 840 (D.C.E.D.Ky.1970); Tuggle v. Government Employees Insurance Co.,

207 So.2d 674, 24 A.L.R.3d 1343 (Fla. 1968).

The insurance industry is given credit for developing the uninsured motorist coverage concept in automobile liability insurance. Donaldson, Uninsured Motorist Coverage, 36 Insurance Counsel Journal 397, 399 (1969); 2 Long, The Law of Liability Insurance § 24.03 (1972). This action and the many other actions now in the courts disclose problems and issues, not with the merits and practicalities of the concept, but with the language in the statutes, the standard policy provisions, and the policies issued to the thousands of motorists across the country. Litigants, lawyers and jurists are unnecessarily burdened by confusing language which can be simplified and clarified without detriment to meaningful insurance coverage. Long, *supra*, § 22.11, observes: "The liability insurance industry has tumbled about and wallowed for years in a mire of irreconcilable decisions bottomed on policies as written by insurers." If analysts, lawyers and judges are troubled by the language, how much more so must be the masses of policyholders. Legislation, clearly and simply drafted, will help, but the insurance industry can render a real and meritorious service by a radical revision of the standard policy language.

Upon the record in this action, the Court finds and concludes:

1. Under two automobile liability insurance policies issued by defendant, one to Bill Tulley in Illinois and one to plaintiff, James W. Tulley, in West Virginia, plaintiff had uninsured motorist insurance coverage at the time of his injuries. Both policies were in full force and effect and provided coverage anywhere in the United States.

2. Legal rights and liabilities under the policies are to be determined by West Virginia law.

■ 3. West Virginia's uninsured motorist statute refers to the West Virginia financial responsibility law and incorporates the insurance coverage language thereof as to each uninsured motorist policy.

4. Plaintiff, in a separate state court action against the uninsured motorist, has recovered a jury verdict and a judgment for the sum of $35,700.00, not questioned or contested herein, on which he is legally entitled to recover under West Virginia law.

5. The "other insurance" provisions contained in the uninsured motorist policies, as herein involved, are void and inoperative under West Virginia law and do not limit or deny payment of uninsured motorist insurance "as damages from the owner or operator" of the uninsured motor vehicle.

6. Provisions contained in uninsured motorist policies, as in this action involved, allowing sums paid as medical expenses under the policies to be deducted from the amounts payable as uninsured motorist insurance damages are void and inoperative under West Virginia law and the amounts allowed and paid as damages on plaintiff's judgment in this action will not be reduced by the sums paid to plaintiff on medical expenses.

Upon the foregoing findings and conclusions and the record in this action, including the stipulations of counsel, together with the briefs on the law and arguments presented in support of the positions of the respective parties, it is

Adjudged and ordered that plaintiff, James W. Tulley, do recover of and from defendant, State Farm Mutual Automobile Insurance Company, a corporation, the sum of $10,000.00 under provisions of the Bill Tulley policy and the sum of $10,000.00 under provisions of the James W. Tulley policy, as in this action identified and exhibited, said sums as damages being payable to plaintiff pursuant to provisions of the West Virginia uninsured motorist law, Code, § 33–6–31. It is further

Adjudged and ordered that sums heretofore paid to plaintiff by defendant, under provisions of said insurance policies, on plaintiff's medical expenses inci-

dent to his injuries are not deductible from the judgment sums to be paid by defendant to plaintiff, as herein provided.

Judgment is accordingly entered for plaintiff and against defendant for the total sum of $20,000.00, with interest and costs as provided by law.

All matters in this cause being concluded, this action shall be closed and retired from the docket of the Court.