**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation, Plaintiff,**

v.

**UNITED STATES FIDELITY & GUARANTY COMPANY, a corporation, et al., Defendants.**

Civ. A. No. 71–51–CH.

United States District Court,
S. D. West Virginia,
Charleston Division.

May 7, 1973.

**1144**

Edward W. Eardley, Charleston, W. Va., for plaintiff.

John H. Reed, South Charleston, W. Va., for defendant Martin.

Robert K. Kelly, Charleston, W. Va., for defendants Tag Galyean & USF&G.

## MEMORANDUM ORDER

KENNETH K. HALL, District Judge.

This declaratory judgment action has been submitted to the Court for decision upon the record, including stipulations by counsel, and upon briefs in support of the respective positions of the adversary insurance companies.

Jurisdiction is based on diversity of citizenship and amount in controversy. 28 U.S.C., § 1332.

Plaintiff, State Farm Mutual Automobile Insurance Company (hereinafter State Farm), seeks a declaratory judgment (28 U.S.C., §§ 2201–2202), declaring that the insurance policy of defendant, United States Fidelity and Guaranty Company (hereinafter USF&G), was in effect on May 16, 1970, the date of the automobile accident here involved; that the policy provides uninsured motorist insurance coverage for the benefit of defendant, Glendine Martin, injured in said accident; and that plaintiff's insurance policy, particularly the uninsured motorist insurance coverage provisions thereof, is inapplicable to the automobile accident as hereinafter more fully detailed.

USF&G has answered that it has no liability obligation incident to the automobile accident, or, alternatively, that it has no obligation until liability in the action exceeds $10,000.

Defendant, Glendine Martin, claiming injuries in the automobile accident, has filed a cross-claim, asserting that both State Farm and USF&G are liable under terms and provisions of their respective policies. She, as defendant in this action, is plaintiff in an action pending in the Court of Common Pleas of Kanawha County, West Virginia, against Leon Thompson, seeking to recover $30,000 in damages for injuries she suffered in the May 16, 1970, automobile accident. On that date she was negotiating the purchase of an automobile from defendant, Tag Galyean, Inc., and was test-driving the vehicle, accompanied by a Tag Galyean employee. The 1969 Plymouth automobile she was test-driving was struck by an automobile operated by an uninsured motorist, said Leon Thompson, resulting in Martin's injuries. At the time defendant USF&G had in effect a Comprehensive General-Automobile Liability Insurance Policy, No. 1CC 277315, covering Tag Galyean's operations, including the automobile Martin was test-driving and providing uninsured motorist insurance coverage thereon. At the same time, plaintiff State Farm had in effect a standard automobile policy, No. 996, 826–C22–48A, on Martin's 1964 Rambler automobile, including uninsured motorist insurance coverage. The stipulations by counsel concede that both insurance policies were in effect on the date of the accident and that both contain uninsured motorist insurance coverage. The basic objective of this declaratory judgment action is a judicial determination as to whether the insurers are liable to Glendine Martin, under provisions of the respective insurance policies, on account of her injuries occasioned by the uninsured motorist. This determination is important to Glendine Martin, plaintiff in the personal injury action pending in the state court against the uninsured motorist.

West Virginia Code, § 33–6–31, requires that motor vehicle bodily injury liability insurance policies contain uninsured motorist insurance coverage

within limits no less than requirements of West Virginia Code, § 17D–4–2.

Plaintiff's brief, page 2, states the crux of the issue in this language:

> . . . Both State Farm and USF&G have declined to recognize the applicability of said uninsured motorist coverage in each policy, it being the contention of both companies, by reason of certain policy exclusions, that the policy of the other party is the only coverage involved.

The brief of defendant, USF&G, page 1, appears to concur in this statement.

The issue calls for an examination of the two insurance policies, brought into the record as Exhibits A and B with the stipulations. Plaintiff's brief quotes "pertinent policy provisions," quoting from page 4 of the State Farm Policy under the heading "Exclusions" and immediately therewith from page 5 of the policy under the heading "Conditions", paragraph 14(b), relating to other insurance. The brief then quotes from the USF&G policy under the captions "Limited Coverage for Certain Insureds" and "Protection Against Uninsured Motorists Insurance." The USF&G brief likewise quotes from the "Limited Coverage for Certain Insureds" provisions of the USF&G policy. The "Limited Coverage for Certain Insureds" provisions are not found in the USF&G policy, certified to be a true and exact copy, as filed with the stipulations. The provisions are found in exhibits with the USF&G answers earlier filed in the action. The "Protection Against Uninsured Motorists Insurance" provisions are found in Endorsement No. 19 with the USF&G policy, but the endorsement does not adequately identify its relation to the policy by date, policy number, or named insured. The USF&G policy contains 66 pages. One page relating to uninsured motorists insurance coverage contains 25 paragraphs composed of 1,492 words. The fact that this action is presented to the Court for a declaratory judgment indicates policy language problems. The attorneys are at odds on the meaning and application of the language. Briefs of counsel are to inform and persuade, but the briefs as presented in this action have had limited clarifying benefits.

The State Farm brief refers to the USF&G policy language relating to "exclusions" as the "super-escape" clause and reasons that the provisions are invalid in their attempt to eliminate uninsured motorists insurance coverage on the automobile owned by defendant, Tag Galyean, Inc., and in which defendant, Glendine Martin, was injured. State Farm seeks to rely on the "exclusion" language in its policy, but USF&G reasons that the State Farm policy exclusion language "quite obviously has no application to the factual situation involved."

Both policies provide for uninsured motorists insurance coverage, but both insurers seek to avoid liability because of other language provisions in their respective policies. The West Virginia statute, West Virginia Code, § 33–6–31(b), plainly requires the policies to contain provisions for uninsured motorists insurance coverage. The statute makes no provision for policy exclusions to defeat the purposes and objectives of the insurance coverage. The statute does not give and then take away. The exclusion provisions in the two policies, however they may be characterized by counsel in their briefs, are not authorized by the controlling language of the statute and must be held void and inoperative. Tulley v. State Farm Mutual Automobile Insurance Co., 345 F.Supp. 1123 (S.D.W.Va.1972).

Accordingly, the Court finds, declares and adjudges that the policy of defendant, United States Fidelity & Guaranty Company, as herein identified, was in full force and effect on the date of the accident here involved; that the policy provides uninsured motorists insurance coverage for the benefit of the defendant, Glendine Martin; that the policy of plaintiff, State Farm Mutual Automobile Insurance Company, as herein iden-

tified, was likewise in full force and effect and provides uninsured motorists insurance coverage for the benefit of the defendant, Glendine Martin; and that said uninsured motorist coverage in the two policies shall inure to the benefit of the defendant, Glendine Martin, in such sums as she may be legally entitled to recover as damages consistent with provisions of West Virginia Code, § 33–6–31.

### SUPPLEMENTAL MEMORANDUM

The two insurance carrier parties to this action, State Farm Mutual Automobile Insurance Company and United States Fidelity & Guaranty Company, filed their joint motion in writing on May 11, 1973, for alteration or amendment of the Court's Memorandum Order entered herein on May 7, 1973, declaring that their respective automobile liability insurance policies were in full force and effect and provided uninsured motorist coverage for the benefit of defendant, Glendine Martin, in such sums as she may be legally entitled to recover as damages consistent with provisions of the West Virginia Code, § 33–6–31. The motion enlarges the prayer in the complaint for declaratory judgment by asking the Court (1) to make a determination "as to which policy of insurance involved represents the primary coverage with respect to the accident in question," and (2), if neither policy represents the primary coverage, then "to determine in what proportion said policies should be required to contribute hereunder with respect to the defense and settlement, if any, or judgment with respect to the claim and suit of Glendine Martin," a defendant in this action and plaintiff in an automobile accident action pending in the Court of Common Pleas of Kanawha County, West Virginia.

The West Virginia statutes, Code, § 17D–4–2 and § 33–6–31, provide for uninsured motorist coverage in automobile liability policies in a sum no less than $10,000. When much of the controversial policy verbiage is swept away to bring the two policies into conformity with the controlling state statute, it becomes evident that each of the policies provides $10,000 uninsured motorist coverage for the benefit of Glendine Martin in the event she becomes legally entitled to recover such total sum as damages. Her action is pending in the state court and the total sum she may be legally entitled to recover in damages is undetermined. The effective language of the policies, shorn to conform to the statute, leaves no basis for declaring that one or the other provides primary coverage. The statute makes no mention of priority in or primary coverage. In the context of this action, on the record, neither policy needs to be declared to represent primary coverage. Accordingly, in response to the motion, the Court finds that neither policy represents primary coverage.

While the record in the action in the Court of Common Pleas of Kanawha County, West Virginia, wherein Glendine Martin seeks to recover judgment for $30,000 in damages, has not been brought into this Court's record, it is apparent that each of the insurers was early alerted to the state court action, as indicated by the commencement of this declaratory judgment action on March 9, 1971. The West Virginia statute prescribes procedures incident to notice to insurers concerned in uninsured motorist insurance actions and the courses they may pursue in response thereto. W.Va.Code, § 33–6–31(d). But the language problems in the two insurance policies precipitated this declaratory judgment action in this Court and the insurers now seek a determination as to "what proportion said policies should be required to contribute hereunder with respect to the defense and settlement, if any, or judgment with respect to the claim and suit of Glendine Martin." While defense of the action and settlement negotiations may be contemplated in the statute, West Virginia Code, § 33–6–31(d), no obilgation to pay any sum to the insured under the policies exists until a determination is made

that the insured is "legally entitled to recover" a sum as damages. In this case no such sum has been yet determined. The statute is silent as to "what proportion said policies should be required to contribute" to any judgment for damages Glendine Martin may recover. It is neither the province nor the function of the Court to supply omissions in or to amend statutes or insurance policies. However, the question of proportionate contribution is easily resolved in this action by the elimination of policy language impermissibly inconsistent with the statute. Tulley v. State Farm Mutual Automobile Insurance Co., 345 F.Supp. 1123 (S.D.W.Va.1972). This leaves each of the two policies on even bases. Once the sum claimant is "legally entitled to recover as damages" has been determined, the liability of the insurers under the two policies shall be evenly divided and contributions shall be accordingly made in satisfaction of the obligation. See Weekes v. Atlantic National Insurance Co., 370 F.2d 264 (9th Cir. 1966); Motor Vehicle Casualty Co. v. Atlantic National Insurance Co., 374 F.2d 601 (5th Cir. 1967); Vance Trucking Co. v. Canal Insurance Co., 395 F.2d 391 (4th Cir. 1968); United States Fidelity and Guaranty Co. v. Liberty Mutual Insurance Co., 327 F.Supp. 462 (D. C.M.D.Pa.1971); Fidelity and Casualty Co. v. Thomas, 315 F.Supp. 89 (M.D.Ala. 1970); Uninsured Motorist Coverage, 36 Insurance Counsel Journal 397, 419 (1969); 7 Am.Jur.2d, Automobile Insurance, §§ 200–202 (1963).

The Court, in response to the joint motion, and in the context of this action on the record, therefore finds, declares and adjudges that (1) neither policy of insurance involved represents primary coverage with respect to the accident in question and (2) that the coverage of each policy shall share equally in satisfaction of any obligation represented by any sum which the insured shall be legally entitled to recover as damages incident to said accident and consistent with provisions of the West Virginia statute, Code, § 33–6–31.