Franklin Wayne **MOOMAW** et al.,
Plaintiffs,

v.

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,** a corpora-
tion, and Federal Mutual Insurance
Company, a corporation, Defendants.

**Civ. A. No. 73-242-CH.**

United States District Court,
S. D. West Virginia,
Charleston Division.

July 24, 1974.

As Amended Sept. 23, 1974.

Robert W. Lawson, III, Charleston, W. Va., for plaintiffs.

Robert J. Louderback, Charleston, W. Va., for State Farm.

Carl F. Stucky, Jr., Charleston, W. Va., for Federal Mutual.

## MEMORANDUM ORDER

K. K. HALL, District Judge.

In this action plaintiffs seek to recover under the uninsured motorists provision of different automobile liability insurance policies issued by the two defendants. The issues are before the Court on plaintiffs' motion for summary judgment based on the record, including supporting affidavits, a counter-affidavit filed by defendant, Federal Mutual Insurance Company, and a stipulation by the parties. Rule 56, Federal Rules of Civil Procedure.

Jurisdiction is based on diversity of citizenship and amount in controversy and has not been questioned. 28 U.S.C., § 1332.

The pertinent facts in the case have been stipulated. On May 24, 1970, Franklin Wayne Moomaw and Jack Allen Carper were passengers in a 1968 Ford automobile owned and being operated by Carmel Luther Boggs when this automobile was involved in an accident with a vehicle owned by William Ray Poling and being operated by James Howard Nelson, Jr. Both Nelson and Poling were uninsured motorists and the vehicle owned by Poling was an uninsured motor vehicle within the meaning of the West Virginia Uninsured Motorists Act. W.Va.Code Ann. § 33–6–31 (1972).

Moomaw, Carper and Boggs each were injured as a result of the accident and together with their spouses, prosecuted an action for damages against Nelson and Poling in the Circuit Court of Monongalia County, West Virginia. Copies of the summons and complaint were served upon each of the defendants in compliance with the requirements of the West Virginia Uninsured Motorists Act, but neither answered nor otherwise defended or appeared in the action. On June 30, 1972, judgments were recovered, with interest, by Moomaw in the amount of $26,000.00, by Carper in the amount of $40,000.00, and by Boggs in the amount of $32,000.00. Each of their wives recovered $3,000.00, with interest, as damages for loss of services. These judgments have not been appealed, modified, or set aside, nor have they been satisfied in whole or in part by any party.

At the time of the accident, plaintiff Moomaw had two policies of automobile insurance issued by defendant State Farm which were in full force and effect. Plaintiff Carper had three policies of automobile insurance issued by defendant State Farm in full force and effect. Under a single policy issued by defendant Federal Mutual, plaintiff Boggs had insured a 1969 Ford automobile and the 1968 Ford automobile involved in the accident.[1] The limits of liability on each of these automobiles was $10,000.00 per person and $20,000.00 per accident. All of the policies appear to be standard Family Automobile Policies providing basic uninsured mo-

---

[1] In an affidavit filed March 19, 1974, an underwriting supervisor of Federal Mutual points out that Boggs received a multicar discount because he had two cars insured under the one policy.

torist coverage[2], with appropriate definitions[3], limits of liability[4], medical payments provisions[5], "other insurance" clauses[6], and separability clauses[7].

2. The pertinent provisions of the Federal Mutual Policy are representative. Any differences in the relevant terms of the respective policies are not critical to the disposition of the matter.

"Part IV—Protection Against Uninsured Motorists

Coverage U—Uninsured Motorists
(Damages for Bodily Injury)

To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom hereinafter called 'bodily injury', sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; . . ."

3. Definitions:

"The definitions under Part I, except the definition of 'insured', apply to Part IV, and under Part IV:

'insured' means:

(a) the name insured and any relative;

(b) Any other person while occupying an insured automobile; and

(c) any person, with respect to damages he is entitled to recover because of bodily injury to which this Part applies sustained by an insured under (a) or (b) above.

The insurance afforded under Part IV applies separately to each insured, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability.

'insured automobile' means:

(a) an automobile described in the policy for which a specific premium charge indicates that coverage is afforded, . . ."

4. Limits of liability:

"(a) The limit of liability for uninsured motorists Coverage stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the declarations as applicable to 'each accident' is the total limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident.

\*      \*      \*      \*      \*

"Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be . . ."

5. Expenses for medical services:

"Coverage C—Medical Payments

To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

Division I. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', caused by accident,

(a) while occupying the owned automobile . . .

Division II. To or for any other person who sustains bodily injury, caused by accident, while occupying

(a) the owned automobile, while being used by the named insured, by any resident of the same household or by any other person with the permission of the named insured; . . .

Limits of Liability

The limit of liability for medical payments stated in the declarations as applicable to 'each person' is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as the result of any one accident."

6. Other Insurance:

If there is other automobile medical payments insurance against a loss covered by Part II of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible automobile medical payments insurance; provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible automobile medical payments insurance . . .

With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this . . .

7. Separability clause:

When two or more automobiles are insured hereunder, the terms of this policy shall ap-

It was further stipulated by the parties that the plaintiffs incurred reasonable medical expenses within one year from the date of the accident, Moomaw in the amount of $1,259.57, Carper in the amount of $1,181.57, and Boggs in the amount of $1,130.39. Pursuant to the medical payments provision of its policy, Federal Mutual paid each of the plaintiffs $500.00 for those medical expenses. Carper also received $500.00 from State Farm, but Moomaw, although he has complied with the provisions of his policies, has received no medical payment benefits from State Farm.

Plaintiffs initiated the present action on August 15, 1973, against State Farm and Federal Mutual to recover from defendants in the following manner. To satisfy his judgment for $32,000.00, Boggs is claiming the maximum "per person" limit on each coverage, $10,000.00 for a total of $20,000.00 against Federal Mutual, plus interest. Additionally, Boggs is claiming another $500.00 from Federal Mutual under the medical payment provisions of the policy. His wife seeks $3,000.00, the amount of her judgment, plus interest, to be satisfied from the $20,000.00 "per accident" portion of the coverage, her husband having used up the "per person" portion. Plaintiffs assert that after Mrs. Boggs' judgment is satisfied there would remain $17,000.00 in Federal Mutual uninsured motorists benefits for any qualified insured before exhaustion of the limits of liability.

Moomaw seeks to recover on his two State Farm policies, each of which contained uninsured motorists coverage with limits of $10,000.00 per person and $20,000.00 per accident toward satisfaction of his $26,000.00 judgment, plus interest. He is also claiming an additional $759.57 in medical payment benefits from State Farm, the remainder of his unreimbursed medical expenses. Addi-

tionally, Moomaw claims the $6,000.00 balance of his judgment from the $17,000.00 remaining of the "per accident" portion of the Federal Mutual policy. Again, his wife claims her $3,000.00 judgment from the $20,000.00 "per accident" portion she asserts remains from the two State Farm policies.

Likewise, Carper seeks to recover on his three State Farm policies. That is, he seeks to recover $30,000.00 of his $40,000.00 judgment by cumulating the "per person" limits of the three State Farm policies. The remaining $10,000.00 he seeks to recover from the $11,000.00 assertedly remaining of the Federal Mutual "pool" of benefits. Additionally, Carper claims $181.57 in unreimbursed medical payment benefits from State Farm, the remainder having been paid by State Farm and Federal Mutual. Carper's wife is also claiming her $3,000.00 judgment for loss of services from the "per accident" portion of the three State Farm policies.

Thus, the issues in the case involve the propriety of recovery under each of the particular insurance policies in the various ways plaintiffs contend to be appropriate. Specifically, those issues are: (1) whether the stacking of the multiple State Farm policies with respect to the claims of Moomaw and Carper is proper; (2) whether Boggs can stack the coverage on the two automobiles covered by the one Federal Mutual policy; (3) whether the medical payment coverages in the State Farm and Federal Mutual policies can be stacked and whether any payment made under the medical payment coverage of any of the policies is to be applied in reduction of the $10,000.00 per person limit in any of the policies; (4) whether the passengers, Moomaw and Carper, are entitled to recover the portions of their judgments unsatisfied by their own insurers from the stacked "per accident" coverage of Boggs' one Federal Mutual policy

ply separately to each, but an automobile and a trailer attached thereto shall be held to be one automobile as respects limits of liability under Part I of this policy, and sep-

arate automobiles under Part III of this policy, including any deductible provisions applicable thereto  .  .  .

which insured two cars; and (5) whether the wives are entitled to loss of consortium from the "per accident" portion of their respective husbands' policies.

Before discussing the merits of the specific questions raised, it is to be observed that, since the action is based on diversity of citizenship, this Court is, of course, bound by applicable West Virginia law. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Recently, the West Virginia Supreme Court of Appeals considered the propriety of stacking uninsured motorist coverages under the West Virginia law. In Bell v. State Farm Mutual Automobile Insurance Co., decided by the West Virginia Court on March 19, 1974, and not yet reported, plaintiff was injured in an accident with an uninsured motorist while plaintiff was riding a motorcycle not covered by an insurance policy. Plaintiff at the time had insurance coverage on a 1970 Fiat automobile. Additionally, her father had an insurance policy with the same company on a 1966 Ford automobile. Defendant defended on the basis of two contractual exclusionary clauses, one which denied coverage to a vehicle owned by an insured, but to which the liability coverage of the policy did not extend, and the other which contained an "other insurance" provision. Considering these provisions with reference to West Virginia's uninsured motorist law, the court declared that such statute provisions are "void and ineffective". Plaintiff was thus allowed recovery under both policies.

With the Bell case in mind, the first issue raised herein warrants little attention. It is clear that plaintiffs Moomaw and Carper are permitted under the controlling state law to recover under each of their respective State Farm policies. See also, Tulley v. State Farm Mutual Automobile Insurance Co., 345 F.Supp. 1123 (S.D.W.Va.1972). As the West Virginia court in the Bell case observed, "an insured covered simultaneously by two uninsured motorist policies may recover on both policies up to the limits of liability on each policy or the amount of the judgment obtained from the uninsured motorist, whichever is less, as a result of one accident and injury". Bell, supra, Syllabus No. 4. State Farm attempts to distinguish Bell and Tulley on the basis that in the present case Moomaw and Carper were only passengers in a car operated by its owner, who was the named insured in a separate policy issued by an entirely different insurer. State Farm cites in support of its position Darrah v. California State Automobile Association, 259 Cal. App.2d 243, 66 Cal.Rptr. 374 (1968). In view of broad language in Bell, however, the attempted distinction is unavailing under West Virginia law.

A more difficult question is raised by Boggs' attempt to stack the coverage afforded his two vehicles by the one Federal Mutual policy. Defendant Federal Mutual argues that the payment of a discounted premium on the second car by Boggs does not extend the limits of liability on Boggs, but, rather, represents payment for the extra risk occasioned when guest passengers might be riding in either or both of Boggs' cars. See Allstate Insurance Co. v. Mole, 414 F.2d 204 (5th Cir. 1969); Allstate Insurance Co. v. Shmitka, 12 Cal.App.3d 59, 90 Cal.Rptr. 399 (1970); Sammons v. Nationwide Mutual Insurance Co., 267 A.2d 608 (Del.Super.1970); Morrison Assurance Co. v. Polak, 230 So.2d 6 (Fla.1969); Doerpinghaus v. Allstate Insurance Co., 124 Ga.App. 627, 185 S. E.2d 615 (1971); Otto v. Allstate Insurance Co., 2 Ill.App.3d 58, 275 N.E.2d 766 (1971); Arminski v. United States Fidelity & Guaranty Co., 23 Mich.App. 352, 178 N.W.2d 497 (1970); Allstate Insurance Company v. McHugh, 124 N. J.Super. 105, 304 A.2d 777 (1973); Polland v. Allstate Insurance Company, 25 A.D.2d 16, 266 N.Y.S.2d 286 (1966); Castle v. United Pacific Insurance Group, 252 Or. 44, 448 P.2d 357 (1968); Martin v. Christensen, 22 Utah 2d 415, 454 P.2d 294 (1969); Annot. 28 A.L.R. 3d 551 (1969 Supp. 1973).

■ But in Sellers v. Government Employees Insurance Co., 214 So.2d 879 (Fla.App.1968), the court took a different view. The court stated at page 882 of its opinion:

[T]he principle appears to be established that if one who is a beneficiary under the uninsured motorist provision of multiple insurance policies suffers a compensable loss, he is entitled to payment of his loss from any or all of the insurance carriers within the limits of liability stated in their respective policies. . . . Such being the controlling law in case of multiple insurance policies, *we perceive no reason why a different rule should be applied merely because the insurance coverage afforded on different vehicles is combined in one instead of two or more policies.* This is particularly true when each of the insured vehicles is separately described, the coverage granted under the policy is separately listed for each vehicle, and a separate premium is charged for the coverage afforded to each of the described vehicles as is true in the case sub judice. (Emphasis added)

Thus the court allowed the extension of the limits of the insured's liability. See also, Sturdy v. Allied Mutual Insurance Co., 203 Kan. 783, 457 P.2d 34 (1969); Harker v. Pennsylvania Manufacturers' Association Insurance Co., 219 Pa.Super. 485, 281 A.2d 741 (1971); Flynn v. Allstate Insurance Co., 50 Pa.Dist. and Co. R.2d 195 (C.O.Alleg.1970). Considering again the expansive view taken in *Bell,* the principles and rule of this latter line of cases appear to represent the position that would be taken by the West Virginia court if confronted with the specific issue. As the West Virginia court stated in the *Bell* case.

". . . Insurance contracts are notoriously complex, see Tulley v. State Farm, *supra,* and border on the status of contracts of adhesion. See Henningsen v. Bloomfield Motors, Inc., 161 A.2d 69, 32 N.J. 358 (1960); Allen v. Metropolitan Life Insurance Co., 208 A.2d 638, 44 N.J. 294 (1965).

Under this view the insured and insurer do not stand in *pari causa,* and therefore, the insured's assent to the agreement lacks completeness in relation to that of the insurer."

Therefore, Boggs will be allowed to recover under his Federal Mutual policy to the extent of the sum of the coverage provided each vehicle.

■ Plaintiffs Moomaw, Carper and Boggs also seek to recover under the medical payment coverage provided in each of their respective policies. The State Farm policies and the Federal Mutual policy provide generally for payment of reasonable medical expenses incurred within one year of the date of the accident to the named insured, various relatives and household residents injured in the owned motor vehicle or through being struck by other such vehicles, and also to any other persons suffering bodily injury as occupants of the owned motor vehicle if the vehicle is being operated by an insured. The same logic that underlies the decision to allow recovery under the "per person" portions of the respective uninsured motorist policies constrains this Court to allow plaintiffs Carper and Moomaw to recover under the medical payment provisions of each of their State Farm policies. State Farm Mutual Automobile Insurance Co. v. Johnson, 126 Ga.App. 45, 190 S.E.2d 113 (1972). See plaintiff Carper's Exhibit No. 3, filed March 12, 1974, with the stipulation of counsel. Likewise, Boggs will be allowed to recover the sum of the amounts of medical payments payable as to each of his two cars insured by the one Federal Mutual policy. *See* R. Long, The Law of Liability Insurance, § 8.09 (1974); Annot., Limits of Amount of Medical Insurance Coverage Under Insurance Policy Covering More Than One Vehicle, 21 A.L.R.3d 900 (1968).

■ State Farm also argues that "(a)ny award of the Court to plaintiff Jack Allen Carper against this defendant should be reduced by the amount of Five Hundred Dollars ($500.00) as re-

ceived by him from this defendant on November 9, 1970". State Farm brief, page 18. To support this proposition State Farm states in its brief at page 10 "(t)he Carper policy, which is before the Court, provided that any amount payable thereunder because of bodily injury shall be reduced by all sums paid on account of such bodily injury under the coverage of the policy affording benefits for medical expenses". This Court in *Tulley, supra,* considered just such a provision and held it "void and inoperative". *Tulley, supra,* 345 F.Supp. at page 1129. *See also,* Annot., Uninsured Motorist Insurance: Reduction of Coverage by Amounts Payable Under Medical Expense Insurance, 24 A.L.R.3d 1353 (1969). *Tulley,* of course, is dispositive of the issue before this Court, and counsel have not persuaded otherwise.

■ Although Moomaw and Carper will be allowed recovery under each of their respective State Farm policies and under the Federal Mutual policy to the extent that as passengers of the vehicle involved in the accident they were insureds as defined by the Federal Mutual policy, they will not be allowed to recover the unsatisfied portions of their judgments from any 'per accident' pool of coverage provided by Boggs' Federal Mutual policy. The status of Moomaw and Carper as guest occupants of the Boggs car is to be distinguished from Boggs as the named insured on his Federal Mutual policy. In Cunningham v. Insurance Company of North America, 213 Va. 72, 189 S.E.2d 832 (1972), the Virginia court considered such a distinction in connection with an occupant's attempt to pyramid the named insured's coverage. The court observed:

. . . It is conceded that Cunningham was "occupying" a state vehicle covered by the Maryland policy when he was killed. He was not the named insured in the policy and therefore occupied the status of an insured of the second class, as defined by statute. As such he is entitled to the uninsured motorist coverage provided the specific vehicle he was using or in which he was riding as a passenger or guest. He cannot pyramid the uninsured motorist coverage on the 4,367 other highway vehicles.

.    .    .    .    .    .

The purpose of uninsured motorist insurance is to provide compensation to the innocent victim of the uninsured motorist. The named insured in a policy receives coverage, and a contract benefit, for which he has paid a consideration. He seeks indemnity based on the payment of that premium and where he has paid separate premiums he is entitled to the additional coverages. However, this argument and reasoning does not apply to a permissive user of a vehicle who pays no premium and does not receive the broader uninsured motorist coverage of a named insured. 189 S.E.2d at 835–836.

■ The claims of Mrs. Moomaw, Mrs. Carper, and Mrs. Boggs, on their judgments for loss of services, are also unavailing. The wives' judgments for $3,000.00 each represent recovery for consequential damages. As such, the judgments are compensation for "personal injuries" and not "bodily injuries". The insurance contracts here involved provide indemnification for "bodily injuries", and are subject to limits of liability for bodily injuries to one person as the result of one accident. Thus, anyone who suffers damages may recover up to the limits of liability for any one person injured. Since plaintiffs Moomaw, Carper and Boggs have exhausted those limits with respect to their own claims, however, State Farm and Federal Mutual are not responsible for satisfaction of their wives' claims as here presented. See, Sheffield v. American Indemnity Co., 245 S.C. 389, 140 S.E.2d 787 (1965); R. Long, *supra,* § 24.17.

■ One final point remains for consideration. Plaintiffs have asked that interest on their earlier judgments be included in the award. Although they are entitled to interest on their awards,

the insurers will be required to pay interest on the judgments only up to their respective coverage limits as determined above, and not on those portions of the judgments in excess of the coverage. See A. Widiss, A Guide to Uninsured Motorist Coverage, § 2.56 (1969); Snider v. State Farm Mutual Automobile Insurance Co., 360 F.Supp. 929 (S.D.W. Va.1973).

Accordingly, it is

Ordered that plaintiffs' motion for summary judgment be, and it is hereby, granted in part and denied in part, and that judgment in this action be entered in accordance with the holdings in this Memorandum Order. Counsel will promptly prepare the judgment order for entry.